Therese M. Shanks, Esq. (SBN 12890)
Wade Beavers, Esq. (SBN 13451)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, Nevada 89511
Tel: 775-788-2228  Fax: 775-788-2229
tshanks@fennemorelaw.com; wbeavers@fennemorelaw.com

Andrew K. Stuztman, Esq. (PA Bar No. 72922)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Ste. 2600
Philadelphia, PA 19103-7018
Tel: 215-564-8728  Fax: 215-564-8210
AStuztman@stradley.com;apetitt@stradley.com
*Pro Hac Vice Pending*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| INNOVATIV MEDIA GROUP, INC., a Wyoming corporation,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>MICHAEL BEYS; RICHARD DE SILVA; FTE NETWORKS INC., a Nevada corporation. | CASE NO.:<br><br>**VERIFIED COMPLAINT FOR:**<br>**1. Violation of Section 14(a) of the Exchange Act;**<br>**2. Violation of Section 20(a) of the Exchange Act;**<br>**3.  Fraud.** |

**VERIFIED COMPLAINT**

Plaintiff INNOVATIV MEDIA GROUP, INC. ("Innovativ") by and through counsel, complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.      Innovativ is a Wyoming corporation, whose principal place of business is located in New Mexico, and who owns 500,000 shares of common stock of FTE, and who intends to and

1   continues to hold 500,000 shares of common stock.

2         2.      FTE is a Nevada corporation incorporated the State of Nevada.

3         3.      On information and belief, defendant Michael Beys ("Beys") is a resident of New

4   York, and is a current director and the interim Chief Executive Officer ("CEO") of FTE.

5         4.      On information and belief, defendant Richard De Silva ("De Silva") is a resident of

6   California, is a current director of FTE.

7         5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a)

8   because this complaint alleges claims arising under federal statute, and supplemental jurisdiction

9   pursuant to 28 U.S.C. § 1367.

10        6.      This Court has personal jurisdiction over FTE, a Nevada company, and Beys and

11  De Silva, as directors and/or officers of a Nevada company.

12        7.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b) and 15 U.S.C. §

13  77v(a).

14
15  **GENERAL ALLEGATIONS**

16        8.      Originally incorporated as Beacon Enterprise Solutions Group, Inc., FTE is a

17  Nevada corporation, and is required to make filings with the Securities and Exchange Commission

18  ("SEC") pursuant to federal securities laws and related SEC rules and regulations.

19        9.      FTE is currently managed by a board of three directors: Beys, De Silva and Joseph

20  Cunningham ("Cunningham") who were appointed to the board in 2019.

21        10.     FTE has not held a shareholder meeting since December 2018, and Beys, De Silva

22  and Cunningham have never been elected or confirmed by the shareholders of FTE.

23        11.     The various misdealings of Beys and De Silva are the subject of a currently pending

24  shareholder derivative suit, *Innovativ Media Group, et. al v. Beys*, 2:22-cv-01184, asserting both

25  direct and derivative claims for their various breaches of fiduciary duties and fraud perpetuated

26  upon FTE's shareholders.  A copy of that complaint is attached as **Exhibit 1** and its allegations are

27  incorporated by reference into this proceeding pursuant to Fed. R. Civ. P. 10(c).

28

2

12. On August 17, 2022, FTE filed a Definitive Proxy Statement with the SEC in contravention of multiple SEC rules. The Proxy is attached as **Exhibit 2**. The purpose of this Proxy is notice and hold a shareholder meeting in an expedited manner, as the Proxy sets a meeting to occur on August 29, 2022.

13. Under 17 C.F.R. § 240.14a-3(a), a company cannot use a proxy statement without first filing an annual report ("10-K") or attaching an annual report to the proxy. SEC rules require companies to deliver an annual report containing financial statements and other disclosures to shareholders in connection with any annual meeting of shareholders at which directors will be elected.

14. Companies may satisfy this requirement by delivering a copy of a form 10-K for the most recent fiscal year.

15. These annual reports assist shareholders in making reasoned and informed determinations regarding their interests in a company, and require a company to disclose, among other things, executive compensation, audited financials, risk factors, assets, and organization structure.

16. FTE had not filed an annual report on form 10-K for 2020.

17. The last 10-K FTE filed was in November 2020 for the year 2019.

18. FTE is incapable of meeting the SEC rule requirements because it has not filed its SEC- required form 10-K for the fiscal year that ended on December 31, 2021.

19. Beys signed this 10-K and verified, under oath and pursuant to 17 C.F.R. § 240.13a-14, that its contents were truthful and accurate.

20. FTE had not, and still has not, filed a 10-K for 2021.

21. FTE has not provided its shareholders with audited financials for the years 2020 and 2021.

22. FTE has not been granted leave from the SEC to forego providing its shareholders with an annual report.

23. Without an annual report, FTE (or any company) cannot hold an annual meeting.

24.     In order for shareholders and the SEC to determine whether a company has not, in good faith, complied with their annual reporting requirements to shareholders, a 10-Q should contain specific, factual detail demonstrating good faith efforts to comply with SEC rules and to keep it shareholders informed.

25.     FTE has failed to file a notification of late filing with the SEC on Form 12b-25 explaining why they are unable to timely file their Forms 10-K for 2021 and disclosing whether they anticipate reporting any significant change in results of operations from 2020 once the filing is made, further exacerbating issues with adequate disclosure to its shareholders. FTE has not filed any quarterly reports on form 10-Q since November 2018.

26.     FTE routinely has not filed quarterly reports on form 10-Q explaining why they are unable to timely file an annual form 10-K, further exacerbating issues with adequate disclosure to its shareholders.

27.     FTE routinely has failed to file notifications of late filing with the SEC on Form 12b-25 explaining why they are unable to timely file their Forms 10-Q and disclosing whether they anticipate reporting any significant change in results of operations from the prior corresponding reporting period once the filing is made, further exacerbating issues with adequate disclosure to its shareholders.  *See* Exh. 2.

28.     FTE's Proxy discloses that FTE did not pay its accounting firm, Turner & Stone, for the year 2021, indicating that FTE has not attempted to undertake the actions required for it to be able to file an annual form 10-K.

29.     FTE's Proxy states that it is a "Definitive Proxy Statement."  *See id.*

30.     Under 17 C.F.R. § 240.14a-6(a), a company cannot file and use a definitive proxy statement in connection with a meeting of its shareholders without first filing a preliminary proxy statement with the SEC and allowing ten days for SEC to comment upon it, if the proxy seeks to amend and restate the bylaws of a company in their entirety.

31.     FTE's Proxy seeks to amend and restate its bylaws in their entirety.  *See* Exh. 2.

32.     This proposal seeks to reverse a prior bylaws amendment executed in February

4

2022, which blocked certain transfers of stock without shareholder consent.

33.     Innovativ has recently discovered that FTE, Beys and De Silva violated that bylaws amendment and did transfer invalid stock without the requisite consent.

34.     FTE did not file a preliminary proxy statement with the SEC prior to filing this definitive statement.

35.     However, prior to FTE's last shareholder meeting, it did file a preliminary proxy statement because FTE sought to amend its articles at the last meeting.

36.     FTE is purporting to hold a shareholder meeting on August 29, 2022, which does not provide the SEC sufficient time to review and comment upon FTE's proxy statement.

37.     Because FTE never filed a preliminary proxy statement, the SEC was not given the opportunity to review and comment upon the proxy for accuracy and compliance, to the detriment of FTE's shareholders.

38.     FTE's Proxy contains multiple other fraudulent and/or misleading material representation and/or omissions.

39.     FTE inaccurately represents that, as of the record date, July 27, 2022, there are 48,766,614 shares, common and preferred, entitled to vote.  Exh. 2.

40.     FTE's shareholder list, however, reveals that as of the record date,  FTE had ███████ shares of its stock issued and outstanding, not 48,766,614.  *See* **Exhibit 3**.[1]

41.     FTE explains this discrepancy by falsely representing that 22,063,376 shares of common stock and 200 shares of Series I preferred stock issued to shareholders Alexander Szkaradek and Antoni Szkaradek are not entitled to vote because these shares are the subject of litigation in Delaware federal court.  *See FTE Networks, et al v. Szkaradek,* 1:22-cv-00785-MN.

42.     There is no court order in Delaware prohibiting the Szkaradeks from voting their stock.  *See FTE Networks, et al v. Szkaradek,* 1:22-cv-00785-MN.

43.     There is no court order in any jurisdiction that prohibits, prevents or otherwise restricts the Szkaradeks from voting their shares of stock.

---

[1] Pursuant to court order, Innovativ has requested leave to file this list under seal.

27998406.1/057702.0002

44.     Nothing in Nevada's corporate code or judicial jurisprudence divests a shareholder of voting rights merely because they have been named in litigation adverse to the company.

45.     To the contrary, under NRS 78.350(1), voting rights can only be restricted in the articles of corporation or the certificate of designation.  Otherwise, every shareholder of record is entitled to vote their stock at a shareholder meeting.

46.     The only shareholders not entitled to vote are those who do not own shares as of the "record date," i.e., the date set by the board of directors which effectively "closes" the shareholder list until the next meeting.   Once a record date is set, a meeting must generally be held within sixty days, and, if it cannot be held with that time, the record date must be reset.

47.     According to FTE's shareholder list, the ███████ are the current owners as of the ███████████████,of the ████████ FTE contends they cannot vote.  Exh. 3.

48.     According to FTE's articles, the Szkaradeks may vote their shares of common stock.

49.     According to the FTE's Certificate of Designation, the Szkaradeks may vote their Series I Preferred Stock.

50.     Beys, who is a licensed attorney, knows and/or should know of the falsity of this statement.

51.     FTE's Proxy states that De Silva is the beneficial owner of 53.6% of the stock entitled to vote.  Exh. 2.

52.     This is a materially false statement because stock issued to De Silva's affiliated entities is void pursuant to Nevada law and FTE's bylaws.

53.     Under NRS 78.315 and Paragraph 6.1 of FTE's bylaws, all transfers, conversions or issuance of stock must be approved by the board directors or the issuance is void.  **Exhibit 4** (Bylaws).

54.     Pursuant to FTE's current bylaws, the directors must approve transfer, conversion or issuance of stock in one of two ways.  First, they can vote on the transaction at a director's meeting.  Second, they can approve of the transaction in an action without a meeting.  *Id.*

6

55.     If a meeting of the directors is held, then Paragraph 3.11 of the bylaws only requires a quorum of director votes to approve transfer, conversion or issuance of stock.  *Id.*

56.     If a meeting of the directors is not held, Paragraph 3.13 of the bylaws requires that "all members of the Board . . . consent" in writing.  *Id.*

57.     Between January 28, 2022 and July 25, 2022, FTE's board of directors did not hold a directors meeting.  **Exhibit 5** (March 28, 2022) Letter.

58.     On ███████████ at a time when no directors meeting was held, approximately ████████ shares of the following ███████ stock was issued, transferred and/or converted:

    a.  ████████████████████████████████████████;

    b.  ██████████████████████;

    c.  ███████████████████████;

    d.  ██████████████████████████████;

    e.  █████████████████████; and

    f.  █████████████████████.

Exh. 3.

59.     De Silva admits that he is the beneficial owner of all stock held by ████████████ ████████████████████████████████████████. in the Proxy.  *See* Exh. 2.

60.     De Silva has filed Forms 13D with the SEC for stock issuances to certain other of these entities, further admitting he is considered a beneficial owner of their shares.

61.     These statements in the Proxy, and the shareholder list, reveal that De Silva, as an insider, is deficient on his form 4 filings with the SEC.

62.     On information and belief, De Silva has not filed his form 4 filings because he did not want to alert shareholders to these insider transactions prior to the shareholder meeting.

63.     On ███████████, on information and belief, FTE issued an additional ███████ shares to ██████████████.

7

64.     On information and belief, De Silva may also beneficially hold these shares.

65.     Because no meeting of the directors was held to approve these issuances, transfers, or conversion, Cunningham's consent in writing was required for this transaction to be valid under Nevada law and the bylaws.

66.     Cunningham never provided his consent in writing, and the issuance, transfer or conversion of this stock is void.  FTE's representation that De Silva may vote these shares is false and misleading.

67.     Furthermore, the Proxy states that De Silva, beneficially, may vote the 2,000 shares Series J-1 and J-2 preferred stock held by Lateral Credit U.S. Opportunities Fund, L.P.  Exh. 2.

68.     But, the voting rights of Series J-1 and J-2 Preferred Stock are contingent upon the ability of the holders to vote Series I preferred stock.  **Exhibit 6** (J-1 Certificate of Designation); **Exhibit 7** (J-2 Certificate of Designation).

69.     The ███████ are the ███████████████ stock in FTE.  Exh. 3.

70.     If, as FTE represents, the Szkaradeks cannot vote their Series I Preferred Stock, then De Silva, and/or the entities he beneficially owns, cannot vote the Series J-1 and Series J-2 Stock.

71.     Because these shares are each equivalent to 6,405.5 shares of common stock, this significantly reduces the amount of stock attributable to De Silva and his related affiliates that may be voted at a shareholder meeting.

72.     FTE's Proxy fails to list the issuance of this stock to De Silva and his entities on its list of Related Transactions included within the Proxy.  *See* Exh. 2.

73.     FTE's Proxy states that there have been no related-party transactions since January 1, 2021, but this stock was issued to De Silva and/or entities he beneficial owns in March 2022. *See id.*

74.     The issuances of stock on ███████ and on ███████, noted above, were related-party transaction under Nevada law and under the definition provided by FTE in its Proxy in that De Silva beneficially owns the stock, De Silva participated in the transaction, and

8

1   the stock is valued in excess of $120,000.

2       75.     Because De Silva was an interested director in this transaction, Cunningham's

3   failure to consent to this stock issuance in writing renders the transaction relating to this stock

4   void.

5       76.     The issuance of stock to De Silva's affiliated entities also violates an amendment

6   made to FTE's bylaws by its shareholders in February 2022, the subject of which is being litigated

7   in Nevada's Eighth Judicial District Court for the County of Clark.  The complaint is attached

8   hereto as **Exhibit 8,** and its allegations are incorporated by reference.

9       77.     FTE's proposal to completely amend and restate the bylaws at the annual meeting

10  is to avoid this amendment, but the Proxy does not inform its shareholders of this fact.  *See* Exh.

11  2.

12      78.     FTE states, multiple times that Cunningham is not up for reelection because of a

13  lawsuit pending against him, but materially omits to inform the shareholders that Beys and De

14  Silva have been sued in a pending derivative action for violations of their fiduciary duties of

15  competency and loyalty, self-dealing, and for conspiracy to defraud FTE shareholders and loot

16  FTE assets.  *See* Exh. 2; Exh. 1.  This is material omission.

17      79.     FTE also states that Cunningham does not qualify as an independent director due

18  to FTE's frivolous lawsuit it has filed against him, and that Cunningham "is unable to perform his

19  duties objectively."

20      80.      The New York Stock Exchange, however, defines an "independent director" as

21  one who does not have a material or pecuniary interest in the company and is not part of the

22  executive team.

23      81.     Cunningham does not have material or pecuniary interest in FTE, and is not part of

24  the executive team.  Cunningham does in fact qualify as an independent director under the New

25  York Stock Exchange's rules, and FTE's statement is misleading.

26      82.     Furthermore, because FTE is no longer listed on the New York Stock Exchange, its

27  repeated references to Cunningham's ability to be an "independent" are materially misleading,

28

9

false and irrelevant.

83.    FTE's statements directly impugn Cunningham's character, integrity, personal reputation and indirectly make charges concerning improper, illegal or immoral conduct or associations, without factual foundation.

84.    On its Summary Compensation Table, FTE lists Beys' sole compensation as $776,750 in salary.

85.    On information and belief, however, Beys' law firm, Beys Liston & Mobargha, LLP, which he founded and is an equity partner in, has performed work for FTE and received legal compensation for such work in excess of $120,000. These amounts should have been listed in the Proxy.

86.    FTE's improper and materially deficient Proxy results in shareholders having less than ten days notice of the meeting, as required by Nevada law and the bylaws, and inadequate and/or inaccurate information upon which to make informed voting decisions that will affect the value of their investments.

87.    On August 15, 2022, two days before it filed its materially misleading and deficient Proxy, FTE filed another 8-K.  In that 8-K, signed by Beys, FTE does not inform shareholders of the pending shareholder derivative action, yet informs shareholders of all of the other pending litigation.  FTE also misrepresents its alleged "success" in any lawsuit.  **Exhibit 9.**

88.    FTE's shareholders cannot make an informed decision as to the voting of their shares until such time as FTE provides its shareholders with the information required by law, and complies with all applicable laws and regulations.

89.    For example, a receiver was recently appointed over FTE's material subsidiary, U.S. Home Rentals, LLC in May 2022.  **Exhibit 10** (Receiver Order).  FTE has never disclosed this fact to its shareholders, despite being required to file a form 8-K within five days of appointment.

90.    If an annual meeting of FTE shareholders were held in compliance with SEC rules, Innovativ would have the information required by law attendant to its interest as a shareholder to

27998406.1/057702.0002

exercise its rights as a shareholder, in compliance with SEC rules and Nevada law, to solicit votes in opposition to the director nominees and bylaws proposal, encourage other shareholders to vote against the director nominees and bylaw proposal through a "just vote no" campaign, propose alternative director nominees, propose the ratification of the Bylaws Amendment or approval of a similar proposal to restrict issuances of FTE securities, or any combination of the above.

91.     The above misrepresentations are material because a reasonable shareholder would consider these representations important in determining how to vote.  These representations were made by FTE, as directed by Beys and De Silva, in order and with the intent to improperly influence and mislead the shareholder vote, withhold damaging information about Beys and De Silva's poor performance from them, cast aspersion on Beys' and De Silva's competing director, Cunningham, and misrepresent who is entitled to vote and may, therefore, have a true majority of the shares.

## FIRST CLAIM FOR RELIEF
### (Innovativ v. FTE - Violation of Section 14(a) and Rule 14a-9 of the Exchange Act)

92.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

93.     By engaging the conduct described above, FTE directly or indirectly, by the use of mails, or the means or instrumentalities of interstate commerce or any facility of a national securities exchange, or otherwise, in contravention of Rule 14a-9 of the Exchange Act, solicited or permitted the use of its name to solicit proxies, consents, or authorizations in respect of non-exempt securities registered with the SEC pursuant to Section 12 of the Exchange Act by means of a proxy statement, form of proxy statement, notice of meeting or other communication that contained statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts or which omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which became false or misleading.

94.     By engaging in the foregoing, FTE has violated and, unless restrained and enjoined,

will continue violating Section 14(a) of the Exchange Act, and the SEC rules promulgated thereunder.

95.     Innovativ has been forced to retain counsel as a result and is entitled to an award of its reasonable attorney fees and costs.

### SECOND CLAIM FOR RELIEF
**(Innovativ v. Beys and De Silva – Violation of Section 20(a) of the Exchange Act)**

96.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

97.     Beys, as interim CEO and director, and De Silva, as director are controlling persons of FTE who directly and/or indirectly induced the acts set forth above which violate Section 14(a) of the Exchange Act.

98.     Beys has personally signed all filings with the SEC since his appointment as interim CEO.

99.     De Silva sits on, and participates in, the various committees on the board of directors which oversee compliance with and filing of forms and reports with the SEC.

100.     Under 15 U.S.C. 78t(a), Beys and De Silva are jointly and severally liable to Innovativ to the same extent as FTE.

101.     Beys and De Silva's conduct was committed, at all times, intentionally and in bad faith.

102.     By engaging in the foregoing, Beys and De Silva have violated and, unless restrained and enjoined, will continue violating Section 14(a) of the Exchange Act, and the SEC rules promulgated thereunder.

103.     Innovativ has been forced to retain counsel as a result and is entitled to an award of its reasonable attorney fees and costs.

### THIRD CLAIM FOR RELIEF
**(Fraud – All Defendants)**

104.     Innovativ incorporates the preceding paragraphs as if fully set forth herein.

105.     Defendants have made multiple statements and/or material omissions which, at the time of their making, Defendants knew and/or should have know were false including, but not

12

27998406.1/057702.0002

limited to:

    a.  Statements in the Proxy that the Szkaradeks are not permitted to vote their shares;

    b.  Statements in the Proxy that De Silva is permitted to vote all of his shares;

    c.  Failure to disclose relevant information, including, but not limited to, pending litigation against the current directors and the appointment of a receiver over FTE's material subsidiary.

106.    These false statements and/or omissions were made with the intent to induce shareholders, such as Innovativ, to refrain from taking action and/or to take the action advocated by FTE.

107.    As a result of FTE's statements, Innovativ has been harmed and is entitled to seek compensatory damages.

108.    At the time FTE's statements were made, they were made with malice, oppression and reckless indifference for their truth, such that an award of punitive damages is proper.

109.    Innovativ has been forced to retain counsel and is entitled to an award of his reasonable attorney fees and costs.

WHEREFORE, Innovativ requests that this Court enter judgment as follows:

1.  Finding that all Defendants violate the federal securities laws and rules promulgated thereunder as alleged against them in this Complaint;

2.  Permanently restraining and enjoining Defendants, and their agents, servants, employees and attorneys and all persons in active concert who receive actual notice of the injunction and each of them, from directly or indirectly, violating or aiding and abetting violations of the federal securities laws alleged in this Complaint;

3.  Restraining and enjoining Defendants, and their agents, servants, employees and attorneys and all persons in active concert who receive actual notice of the injunction and each of them, from directly or indirectly, moving forward with an annual meeting on August 29, 2022 in

27998406.1/057702.0002

violation of the federal securities laws and Nevada law alleged in this Complaint or such other date unless and until there has been full compliance with applicable law;

4.  Restraining and enjoining Defendants, and their agents, servants, employees and attorneys and all persons in active concert who receive actual notice of the injunction and each of them, from directly or indirectly, voting void stock issued in violation of Nevada law and FTE's bylaws;

5.  Innovativ requests that this Court enter a temporary restraining order and preliminary injunction restraining, enjoining, and prohibiting FTE, Beys, De Silva, and any of their agents, officers, affiliated entities, employees, and/or successors or assigns from:

a.      Conducting the shareholder meeting on August 29, 2022;

b.      Conducting any other shareholder meeting based on the proxy statement filed by FTE with the Securities and Exchange Commission ("SEC") on August 17, 2022;

c.      Conducting any shareholder meeting without having filed a preliminary proxy statement and definitive proxy statement that each fully comply with Section 14(a) of the Securities Exchange Act of 1934, as amended ("Exchange Act"), and Regulation 14(a) thereunder;

d.      Conducting any shareholder meeting prior to the filing of an annual report that complies with the requirements of Rule 14a-3 under the Exchange Act and provision of such report to all shareholders of record as required by such rule;

e.      Accepting, considering, counting or otherwise giving effect to or relying upon any proxies solicited by the board of directors of FTE pursuant to the definite proxy statement filed with the FTE with the SEC on August 17, 2022;

6.  Accepting, considering, counting or otherwise relying upon votes made at any meeting that are based upon the stock issued to

a.      ████████████████████████████████████████████;

b.      ██████████████████████████;

c.      ████████████████████████;

14

1    d. ███████████████████████████;

2    e. ███████████████████;

3    f. ███████████████████;

4    g. ████████████████████

Until such time as the validity and/or invalidity of these transfers can be determined.

7.  Ratifying or otherwise attempting to retroactively validate the issuance of stock to the entities listed in Paragraph 6, until such time as the validity and/or invalidity of these transfers can be determined.

8.  Taking any action in any court of any state which attempts to impede, impair, disenfranchise, prohibit, enjoin, otherwise interfere with the voting rights of stock held by the following entities or persons comprising the dissident shareholder group, and any of their affiliates, prior to a final determination on the merits of the claims in that litigation:

    a. Innovativ Media Group, Inc.;

    b. TTP8, LLC;

    c. Alexander Szkaradek;

    d. Antoni Szkaradek;

    e. Joseph Cunningham;

    f. Steve Goodwin;

    g. Peter Ghishan;

    h. Khawaja Zargham Bin Aamer;

    i. Thomas Coleman;

    j. Bruce Fahey;

    k. First Capital Master Advisor, LLC;

    l. Majique Ladinier;

    m. Danish Mir.

9.  Issuing any additional shares of FTE stock, common or preferred, or any other securities convertible into or exchangeable or exercisable for shares of common or

preferred stock to any person, including to current shareholders, prior to the next annual meeting;

10.     Designating any new series of preferred shares and/or converting any existing common stock into a series of preferred shares prior to the next annual meeting; and

11.     Filing any report, proxy statement, solicitation or annual report that is not in compliance with the requirements of the Exchange Act or the rules and regulations promulgated thereunder.

12.     Innovativ further requests that this Court order FTE to immediately provide, within twenty-four hours of entry, through its email listserv, a copy of any injunctive order issued by this Court in this matter, to each shareholder of record identified on Exhibit 3, and, if such shareholder does not have a valid email address, to deposit a copy of the order in the mail to the address reflected on Exhibit 3.

13.     For compensatory damages, according to proof;

14.     For punitive damages, according to proof;

15.     For an order awarding Innovativ its attorney fees and costs; and

16.     Granting such other and further relief as this Court may deem just and proper.

/////

////

/////

16

## **AFFIRMATION**

The undersigned affirms that this document does not contain the social security number of any person.

Dated:  August 23, 2022          FENNEMORE CRAIG, P.C.

/s/ Therese M. Shanks
Therese M. Shanks, Esq. (SBN 12890)
Wade Beavers, Esq. (SBN 13451)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, Nevada 89511

-AND-

Andrew K. Stuztman, Esq. (PA Bar No. 72922)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Ste. 2600
Philadelphia, PA 19103-7018
*Pro Hac Vice Pending*

17

1

**VERIFICATION**

2   STATE OF NEVADA          )
                                      )ss.
3   COUNTY OF WASHOE    )

4

5       I, THOMAS COLEMAN, President of Innovativ Media Group, Inc., being first duly

sworn, do depose and say as follows:

6

7       That I am the President of the Plaintiff named in the above-entitled action and I make this

verification on the knowledge except as otherwise stated: that I have read the Verified Complaint

8

and know the contents thereof and that the same is true and correct of my own knowledge, except

9

as to those matters stated therein upon information and belief and as to those matters, I believe

10

them to be true.

11       DATED this 23rd day of August, 2022.

12

13

14                                      
                                           By: THOMAS COLEMAN

15

16   SUBSCRIBED and SWORN to
     Before me by Thomas Coleman
17   This 23rd day of August, 2022.

18

19

20   NOTARY PUBLIC

21

22                        Notarial act performed by audio-visual communication

23

24   Notarial act performed by audio-visual communication.

25

26

27

28

S. BRASELTON
NOTARY PUBLIC
STATE OF NEVADA
**Commission # 10-3467-2**
My Appt. Expires October 11, 2022

9FC37737-0A62-4761-AA8D-F3ADB58DD04D — 2022/08/23 11:31:33 -8:00 — Remote Notary

DocVerify ID: 9FC37737-0A62-4761-AA8D-F3ADB58DD04D
www.docverify.com

Page 1 of 1        1F3ADB58DD04D

1

## Exhibit List

2

| Exhibit No. | Description |
|---|---|
| 1 | Case No. 2:22-cv-01184 Complaint |
| 2 | FTE Definitive Proxy Statement |
| 3 | FTE Shareholder List |
| 4 | FTE Bylaws |
| 5 | March 28, 2022 Letter |
| 6 | J-1 Certificate of Designation |
| 7 | J-2 Certificate of Designation |
| 8 | Clark County Complaint |
| 9 | FTE August 15, 2022, 8-K |
| 10 | Receiver Order |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18