UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Innovativ Media Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Michael Beys; Richard De Silva; FTE Networks Inc., <br><br> Defendants. | Case No. 2:22-cv-01362-CDS-VCF <br><br> **Order Denying Without Prejudice Plaintiff's Emergency Motion for *Ex Parte* Temporary Restraining Order** |

Before the Court is Plaintiff Innovativ Media Group, Inc.'s emergency motion for an *ex parte* temporary restraining order.[1] ECF Nos. 2; 11. Defendants have not yet responded. However, due to defects in Plaintiff's filing, I deny Plaintiff's motion without prejudice and grant Plaintiff leave to re-file their motion in conformity with the local rules.

I. Discussion

Innovativ requests an *ex parte* temporary restraining order to enjoin Defendant FTE Networks from hosting an "abruptly scheduled" August 29, 2022, shareholder meeting, or from conducting any other shareholder meeting. ECF No. 11 at 1-2. Currently, I express no opinion on the merits of Innovativ's request.

However, Innovativ must refile their temporary restraining order to comport with the local rules of this district and the Federal Rules of Civil Procedure. Both the Federal and Local Rules govern *ex parte* requests to the court. *See* Fed. R. Civ. P. 65(b); LR IA 7-2. Specifically, "an *ex parte* motion…must articulate the rule that permits *ex parte* filing and explain why it is filed on an *ex parte* basis." LR IA 7-2(b). Plaintiff's motion states that the temporary restraining order is made "pursuant to Fed. R. Civ. P. 65(a)-(b) and LR 7-4[.]" ECF No. 11 at 1. However, Fed. R. Civ.

---

[1] The initial motion was corrected after filing; the operative pleading that I now consider was filed on August 24, 2022. ECF No. 11.

P. 65(b) demands that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Innovativ's counsel has not filed a declaration stating any effort made to give Defendants notice or why this Court should issue a temporary restraining order without notice. *See generally* ECF No. 11.

Given the "extraordinary remedy" of injunctive relief, heightened by the fact that such relief is requested on an *ex parte* basis, Plaintiff's filings must conform with the Federal Rules of Civil Procedure. The Supreme Court has explained that the circumstances justifying the issuance of an *ex parte* order are extremely limited:

> The stringent restrictions imposed…by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (internal citation omitted). "Consistent with this overriding concern, courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (italics added). The Ninth Circuit has found that to be enforceable, temporary restraining orders must meet the fair notice requirement. *See id.* at 1134 (finding a TRO improperly issued *ex parte* in part because it "failed to meet even the most minimal fair notice requirement").

Consequently, Plaintiff must refile their proposed temporary restraining order with a declaration detailing Plaintiff's effort to give notice to Defendants and justifying this Court's potential issuance of a temporary restraining order without providing Defendants an opportunity to be heard.

## II. Conclusion

I HEREBY ORDER that Plaintiff Innovativ Media Group, Inc.'s emergency motion for an *ex parte* restraining order (ECF No. 2) be DENIED without prejudice.

I FURTHER ORDER that Plaintiff be granted leave to re-file their motion in conformity with this Order, as well as both the Federal Rules of Civil Procedure and this District's local rules.

IT IS SO ORDERED.

DATED this August 24, 2022

_____
Cristina D. Silva
United States District Judge