UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Innovativ Media Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Michael Beys; Richard De Silva; FTE Networks, Inc., <br><br> Defendants. | Case No. 2:22-cv-01362-CDS-VCF <br><br> **Order Denying Plaintiff's Emergency Motion for *Ex Parte* Temporary Restraining Order, Denying Plaintiff's Motion to Seal, and Setting Hearing on Preliminary Injunction** |

Before the Court are three motions, including Plaintiff Innovativ Media Group, Inc.'s emergency motion for an *ex parte* temporary restraining order.[1] ECF No. 15. Innovativ seeks, *inter alia*, to enjoin Defendant FTE Networks, Inc. from conducting a shareholder meeting scheduled for August 29, 2022, at 6 a.m. PDT. ECF No. 15 at 1-2. Innovativ also filed a substantially identical motion for a preliminary injunction. ECF No. 6. Finally, Innovativ filed a motion to seal unredacted versions of the complaint, an exhibit to the complaint, and the injunctive motions, all of which contain redacted lists of various shareholders of FTE. ECF No. 3.

The same day Innovativ filed its renewed motion, counsel for FTE filed a "Notice of Intent to Oppose Plaintiff's Emergency Motion for Temporary Restraining Order," ECF No. 18, wherein

---

[1] Innovativ had already moved for a temporary restraining order on August 23, 2022, ECF No. 2, then later corrected their filing on the next day, ECF No. 11. I denied without prejudice Innovativ's first motion for its failure to conform with Fed. R. Civ. P. 65(b)(1)(B)'s mandate that "the movant's attorney certif[y] in writing any efforts made to give notice and the reasons why it should not be required." ECF No. 13 at 2. At that time, I expressed no opinion on the merits of Innovativ's motion. *Id.* at 1. Innovativ re-filed the exact same motion with a declaration from counsel attached describing efforts made to give notice and framing the reasons why notice should not be required in terms of the harm facing Innovativ. *See* ECF No. 16 at 5. I now consider Innovativ's instant motion, ECF No. 15, and accompanying declaration of counsel, ECF No. 16.

they request the opportunity to file "formal opposition papers." ECF No. 18 at 2. I need not hear FTE's response to Plaintiff's motion for a temporary restraining order as Innovativ has failed to meet the law's lofty burden for *ex parte* injunctive relief. However, I will consider any papers they file in connection with Plaintiff's motion for a preliminary injunction.

For the reasons described herein, I deny Innovativ's motion for a temporary restraining order but will hold a hearing on the motion for preliminary injunction, set for Friday, August 26, 2022, at 4:00 pm Pacific Standard Time. I also deny Innovativ's motion to file certain documents under seal.

I.      Relevant Background Information

Defendant FTE Networks, Inc. is a Nevada corporation managed by a board of three directors: Joseph Cunningham, Defendant Michael Beys, and Defendant Richard De Silva. ECF No. 15 at 5. Defendants Beys and De Silva are subject to a shareholder derivative suit pending in this District based on their involvement with FTE. *Innovativ Media Grp., et al. v. Beys*, 2:22-cv-01184 (D. Nev. July 22, 2022). Innovativ and FTE are also parties to a Nevada state court action. *Innovativ Media Grp., et al. v. FTE Networks, Inc. et al.*, Case No. A-22-849188-B. ECF No. 3 at 2. The claims in the instant suit stem from an allegedly defective proxy statement filed by FTE on August 17, 2022. That statement declares that an annual shareholder meeting is to be held on August 29, 2022. FTE Definitive Proxy Statement, ECF No. 1-6 at 3. The last shareholder meeting or election of directors held by FTE occurred in December 2018. ECF No. 15 at 5.

Innovativ alleges that FTE's August 17, 2022, notification and filing of the definitive proxy statement contravened 17 C.F.R. § 240.14a-3(a) (asserting that FTE distributed a proxy statement in connection with a shareholder meeting without first delivering an annual report in conformance with the implementing regulation) and 17 C.F.R. § 240.14a-6(a) (asserting that FTE issued a definitive proxy statement purporting to amend and restate the bylaws of the company

without first filing a preliminary proxy statement with the SEC). ECF No. 15 at 6. Innovativ further alleges that FTE's definitive proxy statement contains "multiple other fraudulent and/or misleading material misrepresentations and/or omissions." *Id.* Finally, Innovativ alleges that De Silva issued a large amount of FTE stock, without approval from Cunningham despite such approval being required by FTE's bylaws, to companies wherein De Silva is the beneficial owner of that stock. *Id.* at 7-8.

Now, Innovativ seeks to obtain a temporary restraining order preventing FTE from holding the shareholder meeting scheduled on August 29, 2022. *See generally* ECF No. 15. Innovativ also moves for leave to file under seal unredacted versions of its complaint, exhibit three to the complaint, and its motions for the temporary restraining order and preliminary injunction. *See generally* ECF No. 3. Innovativ and Defendant FTE entered a stipulated protective order in the state court action governing Innovativ's inspection and disclosure of FTE's current shareholder list. *Id.* at 2. That protective order requires Innovativ to file under seal any document which discloses the contents of that list. *Id.* Innovativ notes that the complaint and injunctive motions both discuss the contents of the shareholder list, while exhibit three is the shareholder list itself. *Id.*

Defendant FTE filed a Notice of Intent to Oppose FTE's motion for a temporary restraining order on the same date that Innovativ refiled its motion.[2] ECF No. 18. First, FTE requests that I deny Innovativ's motion on its face because it fails to meet both the standard set by Local Rule 7-4 for emergency relief and the standard set by Fed. R. Civ. P. 65(b)(1). *Id.* at 2-6. Second, FTE asserts that with "the opportunity to be heard in opposition," it would be able to contest the merits of Innovativ's motion. *Id.* at 5. Finally, FTE claims that Innovativ is engaging in forum shopping. *Id.* at 7.

---

[2] FTE's notice of intent to oppose also serves as a preliminary opposition to Innovativ's motion. *See generally* ECF No. 18 (asserting a variety of defenses to Innovativ's motion).

II.   Motion to Seal

   a.   *Legal Standard*

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Ct. – D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). "The court must then conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (internal quotations omitted). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599). Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598-99.

Ultimately, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety*, 809 F.3d at 1101-02. Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Finally, the local rules of this district require counsel for the party moving to file items under seal to include with the document either a certificate of service certifying that the sealed document was served on the opposing attorneys, or an affidavit showing good cause why the document has not been served on the opposing attorneys. LR IA 10-5(c).

### b. Discussion

#### i. Innovativ Must Demonstrate Compelling Reasons to Seal

Defendants have filed a motion to seal unredacted versions of their complaint, their injunction motions, and exhibit three to the complaint. *See generally* ECF No. 3. The complaint and motions for injunctive relief are more than tangentially related to the merits of this case. A complaint is the document delineating what the merits of the case are. Additionally, Innovativ requests injunctive relief in its complaint. ECF No. 1 at 13-15. Thus, because Innovativ's success on the motions for injunctive relief resolves a portion of its claims in the complaint, its motions for injunctive relief are more than tangentially related to the merits of the case. *See, e.g., Ctr. for Auto Safety*, 809 F.3d at 1102 (concluding that Plaintiff's motion for preliminary injunction was "more than tangentially related to the merits" because "[i]f plaintiffs had succeeded in their motion for preliminary injunction, they would have won a portion of the injunctive relief they requested in the underlying complaint, and that portion of their claims would have been resolved").

Because filings that are more than tangentially related to the merits of a case may be sealed only upon a showing of "compelling reasons" for sealing, *id.* at 1101-02, I analyze Innovativ's motion to seal under that standard.

                            *ii.   Innovativ Cannot Demonstrate Compelling Reasons to Seal the Unredacted Papers*

Innovativ has not demonstrated compelling reasons to be permitted to file the unredacted complaint, motions, or exhibits under seal. Innovativ's motion does not mention compelling reasons, or even the lower standard of good cause, nor does it attempt to explain why this Court should seal the requested documents. *See generally* ECF No. 3. Construing their motion generously, it appears that Innovativ believes this Court is duty-bound to follow the stipulated protective order between Innovativ and FTE entered in the state court action. *See* ECF No. 3 at 2 ("Pursuant to paragraph IV of that [state court] order, Innovativ is required to file under seal any document in any court which discloses the contents of [FTE's current shareholder list]."). Yet Innovativ neither attached the stipulated order to its motion to seal, nor provided legal authority for the assertion that FTE's current shareholders are entitled to a level of privacy that supersedes the strong presumption in favor of access to court records. Considering Plaintiff's lack of effort to demonstrate compelling reasons as to why the unredacted versions of its papers should be sealed, combined with this Circuit's stated goals of accountability and transparency in the public court system, I hereby deny Innovativ's motion to file under seal.

**III.   Motion for Temporary Restraining Order**

       a.  *Legal Standard*

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)).

An injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Courts consider the following elements in determining whether to issue a temporary restraining order or preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Id.* at 20. However, "'serious questions going to the merits' and a balance of hardships that tips sharply toward the [movant] can support issuance of a preliminary injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)

    b. *Plaintiff Has Failed to Demonstrate that the Balance of Hardships Tips in their Favor; No Injunction May Issue*

As a preliminary matter, I note that Plaintiff's formulation of the test for injunctive relief misrepresents the factors that this Court must consider. *See* Pl.'s Mot., ECF No. 15 at 10 (arguing that Innovativ must pass a three-factor test from *Alliance for the Wild Rockies v. Cottrell*, conflating the balance of hardships factor with the public interest factor). The Ninth Circuit in *Cottrell* explicitly holds that injunctive relief is appropriate when "serious questions going to the merits

and a balance of hardships that tips sharply towards the plaintiff can support issuance of [injunctive relief], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Cottrell*, 632 F.3d at 1135 (internal quotation marks omitted). [3]

Each of the factors is important: a greater showing on likelihood of success on the merits allows the party moving for injunctive relief to make a weaker showing on the balance of hardships, *see Winter*, 555 U.S. at 22, while a weaker showing on the merits (i.e., raising "serious questions" to the merits rather than demonstrating a likelihood of success) requires the moving party to make a greater showing on the balance of hardships (by requiring the moving party demonstrate that the balance "tips sharply" in their favor). *See Cottrell*, 632 F.3d at 1131-32 ("Under [the sliding scale or serious questions] approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another…[i]n other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction.").

By collapsing the balance of hardships and consideration of the public interest into a single factor, Plaintiffs fail to meet their burden on the balance of hardships. Plaintiff may only merge the factors regarding the balance of hardships and the public interest when the Government is the non-moving party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, the government is not an opposing party.

Plaintiff's description of the legal standard is particularly applicable in the present case, wherein they make almost no argument as to the balance of hardships. *See* ECF No. 15 at 17 (stating

---

[3] While *Cottrell* concerns preliminary injunctions rather than temporary restraining orders, "analysis is substantially identical for the [preliminary] injunction and the TRO." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also LIT Ventures, LLC v. Carranza*, 457 F. Supp. 3d 906, 908 (D. Nev. 2020) ("The legal standard for issuing a temporary restraining order is 'substantially identical' to the standard for issuing a preliminary injunction.").

that the balance of hardships favors Innovativ but providing no analysis or authority to defend that claim). *Id.* While a myriad of terminology is often used in referring to the hardships, harms, or equities, Innovativ refers to nothing that could be construed as discussion pertaining to balance of the hardships rather than the public interest factor.

Because Plaintiff has failed to meet their burden with respect to the balance of hardships, I cannot issue an injunction. *See Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203-04 (9th Cir. 1980) ("[A]t least a minimal tip in the balance of hardships must be found even when the strongest showing on the merits is made. Here, a preliminary injunction was granted although the [district] court considered the question on the merits to be close, and without finding a balance of harms favoring plaintiff. Such a conclusion is clearly insufficient under *Benda*." (cleaned up) (citing *Benda v. Grand Lodge of Int'l Assoc. of Machinists, etc.*, 584 F.2d 308, 315 (9th Cir. 1978); *cert dismissed*, 441 U.S. 937 (1979))).

### IV.     Hearing on Plaintiff's Motion for Preliminary Injunction

Despite my ruling on Plaintiff's motion for an *ex parte* temporary restraining order, I have concerns regarding the allegations Plaintiff raises in their motion, specifically the possibility of immediate, irreparable harm to Plaintiffs if the Monday, August 29, 2022, hearing is allowed to proceed. For that reason, I will hold a hearing to rule on Plaintiff's motion for a preliminary injunction (ECF No. 6) on Friday, August 26, 2022, at 4:00 pm Pacific Standard Time.

### V.      Conclusion

IT IS HEREBY ORDERED that Plaintiff Innovativ Media Group, Inc.'s motion for a temporary restraining order (ECF No. 15) be DENIED.

IT IS FURTHER ORDERED that a hearing be set for Friday, August 26, 2022, at 4:00 pm Pacific Standard Time, with the topic of Plaintiff Innovativ Media Group, Inc.'s motion for preliminary injunction (ECF No. 6).

IT IS FURTHER ORDERED that Plaintiff Innovativ Media Group, Inc.'s motion to file documents under seal (ECF No. 3) be DENIED.

IT IS SO ORDERED.

DATED this August 26, 2022

_____
Cristina D. Silva
United States District Judge